IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY LEE ADAIR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-23-79-D ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

Plaintiff, Gary Lee Adair, sought judicial review of the Commissioner of Social Security's final decision that he was not "disabled" as defined by the Social Security Act, 42 U.S.C. § 1383(c)(3). The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On September 19, 2023, the magistrate judge issued a Report and Recommendation [Doc. No. 19], in which she recommends that the Court affirm the Commissioner's decision. Plaintiff filed a timely objection [Doc. No. 20], to which Defendant filed a response [Doc. No. 21]. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Plaintiff's first objection relates to the examination conducted by Janey Hammons, APRN. Plaintiff objects to the ALJ's consideration of Hammons' examination of Plaintiff's abdominal area because Hammons "was not asked to address any other areas of physical

1

functioning" aside from range of motion of joints, hands, wrists, and spine. *See* Pl.'s Obj. at 2; Social Security Administrative Record (AR), Doc. No. 9, at 677. Plaintiff seems to suggest that it was improper for the ALJ to include Hammons' examination observations in Plaintiff's medical history for purposes of determining whether Plaintiff's complaints of "constant" symptoms or his need to "spend the majority of his time lying down" were inconsistent with his medical history. The Court disagrees. Although Hammons was not specifically asked to provide a medical opinion on Plaintiff's abdominal symptoms, Hammons' observations from her exam of Plaintiff were properly considered by the ALJ as part of Plaintiff's medical history.

The Court agrees with the magistrate judge that the ALJ was not obligated to weigh the persuasiveness of Hammons' observations of Plaintiff's abdominal exam as they do not amount to a medical opinion. However, Plaintiff asserts that the magistrate judge's conclusion missed the crux of Plaintiff's argument. Plaintiff argues instead that the ALJ "failed to identify any genuine inconsistencies between Plaintiff's testimony and the opinions of APRN Hammons." *See* Pl.'s Obj. at 4. On this point, the Court finds that the ALJ reported inconsistencies sufficient to find that Plaintiff was not prevented from sustaining medium work. In addition to recognizing Plaintiff's recurrent abdominal pain and frequency of medical visits, the ALJ noted that: 1) in March and April 2018, Plaintiff "denied any complaints, and he reported being mobile"; 2) there was "no additional treatment until August 2019," at which visit his "abdomen was nontender"; 3) Hammons observed in December of 2020 that Plaintiff "could rise from a sitting position without difficulty, but he held his stomach throughout the examination and he seemed mildly

2

uncomfortable"; and 4) during an emergency room visit in August of 2021, Plaintiff's abdominal examination was normal. *See* AR at 24-25. The Court finds the ALJ sufficiently explained his finding that Plaintiff's symptoms appeared to be "episodic" as opposed to "constant," and the ALJ did not err by considering Hammons' observations.

Plaintiff also argues that the magistrate judge gave "short shrift to the fact that Plaintiff repeatedly described continuing unbearable abdominal pain throughout the period at issue." *See* Pl.'s Obj. at 5. The Court disagrees. The magistrate judge concluded that the ALJ had applied the correct legal standard and that his findings were supported by substantial evidence. Plaintiff's vague objection that the magistrate judge did not fully consider Plaintiff's complaints of unbearable abdominal pain is not sufficient to reject the magistrate judge's conclusion that the ALJ's findings were supported by substantial evidence. Notably, "[c]redibility determinations are peculiarly the province of the finder of fact." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012). The Court will not disturb the ALJ's factual finding that Plaintiff's abdominal pain appeared to be "recurrent, but apparently episodic," which is "consistent with a residual functional capacity for medium work." A.R. at 25. The medical record reflects adequate evidence to support the ALJ's conclusion that Plaintiff's pain rendered him capable of performing medium work, and the ALJ sufficiently explained the specific evidence he relied on. *See* AR at 24-26.

The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore, the Court, having conducted a *de novo* review, finds that Plaintiff's objection should be

3

overruled, and hereby **ADOPTS** the Report and Recommendation [Doc. No. 19] in its entirety.

      **IT IS THEREFORE ORDERED** that the Commissioner's decision is **AFFIRMED**. A separate judgment shall be entered.

      **IT IS SO ORDERED** this 12th day of October, 2023.

*[Signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge